UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MATTHEW CHARLES MENGEL
and REBECCA JANE MENGEL,

    Plaintiffs,

v.                                            Case No.:  2:25-cv-787-SPC-KCD

SCOTT JOSEPH REY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant Scott Joseph Rey's Notice of Removal. (Doc. 1). For the reasons outlined below, Defendant must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

This case involves a motor-vehicle accident. Defendant removed this action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the amount in controversy is questionable.

To establish the amount in controversy, Defendant cites Plaintiffs' initial disclosures filed in state court, which indicate Plaintiff Rebecca Mengel suffered $53,565.74 in past medical damages, and Plaintiff Matthew Mangel suffered $18,725.92 in past medical damages. (Docs. 1-1, 1-9 at 5–6). But neither of these amounts exceeds $75,000, and the amounts cannot be aggregated to satisfy the amount in controversy. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.31 (11th Cir. 2007) ("Section 1332(a)'s amount in controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold[.]" (citation omitted)). And while Defendant also notes both Plaintiffs seek future medicals and non-economic damages, their initial disclosures simply note that the sought amount of such damages is "TBD." (Doc. 1-9 at 4). Such speculative damages are insufficient to establish jurisdiction. *See Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021) (explaining "the

mere possibility of future treatment remains too speculative" to satisfy the amount in controversy).

The Court finds that Defendant fails to meet his burden of establishing the Court's subject-matter jurisdiction over this matter.

Accordingly, it is now

**ORDERED:**

On or before **September 18, 2025**, Defendant must **SUPPLEMENT** his Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on September 4, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3